# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>v.<br><br>RODNEY M. HOGAN,<br><br>                            Defendant. | Case No. 11-CR-130-JPS<br><br><br><br>ORDER |

       On November 29, 2012, United States Magistrate Judge Patricia J. Gorence issued a recommendation (Docket #506) that this court deny defendant Rodney Hogan's ("Hogan") motion to suppress (Docket #484). On December 10, 2012, Hogan, through Attorney Robert LeBell, filed a motion for extension of time to file objections to the recommendation. (Docket #509). The next day, December 11, 2012, Hogan, on his own and not through counsel, filed an objection to Magistrate Gorence's recommendation. (Docket #510). That same day, Magistrate Gorence granted the motion to extend filed by Attorney LeBell, extending the deadline to January 11, 2013. (Text Only Order dated 12/11/12). No further objections were filed, thus, presently before the court are: Magistrate Gorence's November 29, 2012 recommendation, and Hogan's December 11, 2012 objection thereto.

       28 U.S.C. § 636(b)(1) provides, in part, "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." This statutory provision has long been read to place the onus on an objecting party to "state with particularity the points that the party is attacking in the Magistrate's decision." *United States v. Molinaro*, 683 F. Supp. 205, 211 (E.D.

Wis. 1988). Further, "Without specific reference to portions of the Magistrate's decision and legal discussion on the objected portion, the district court's duty to make a *de novo* determination does not arise. The general statements that a party 'objects' and 'incorporates all arguments previously made to the magistrate' will not suffice." *Id.*

Magistrate Gorence's recommendation is based upon an evidentiary hearing held on November 20, 2012. During that hearing, Detective Hans Freidel of the Racine Police Department testified that he received information from other officers to watch for a maroon Chevrolet Impala with temporary tags because occupants of the vehicle had been involved in dealing heroin. Recommendation at 1. Detective Freidel testified that he and his partner spotted a car matching the description, followed it, and noticed that the front seat passenger was not wearing a seat belt. Recommendation at 2. Detective Freidel testified that he could see the belt buckle over the passenger's right shoulder. Recommendation at 2. Detective Freidel conducted a traffic stop, during which it was discovered that defendant Hogan, the driver of the vehicle, was operating without a valid license. Recommendation at 2. Citations were issued to Hogan for operating without a license, and to his passenger, Ms. Gardner, for failing to wear a seat belt. Recommendation at 2. Hogan and Ms. Gardner paid the citations. Recommendation at 2. Magistrate Gorence's recommendation relays one fact from defendant's testimony: the Chevrolet Impala had 26-inch custom rims, which elevated the Impala to a height similar to that of an SUV. Recommendation at 2.

Hogan's objection does not specifically reference or explicitly seek review of specific portions of Magistrate Gorence's recommendation. On that basis alone, the court may adopt the recommendation without conducting a

*de novo* review. *Molinaro*, 683 F. Supp. at 211. However, mindful that "[a] document filed *pro se* is 'to be liberally construed,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and out of an abundance of caution, the court provides the following *de novo* review.

The main thrust of Hogan's objection appears to be Detective Freidel's credibility. Hogan writes, "Defendant contends that without a doubt a veteran officer know [sic] exactly what to recite to support his claim of probale [sic] cause for a legal traffic stop versus an illegal traffic stop..." Objection at 1. He twice mentions Detective Freidel's testimony that he could tell "a 4'9" passenger" was not wearing a seat belt (Objection at 1, 2), implicitly challenging the credibility of Detective Freidel's explanation of probable cause to conduct the traffic stop.

The court agrees with Hogan that a veteran police officer must know what is required to have probable cause to stop a vehicle, but the court refuses to leap to the conclusion, as Hogan appears to request, that this knowledge resulted in fabrication of a record to justify his traffic stop. The court instead concludes that Detective Freidel utilized his knowledge of probable cause requirements to ensure he actually had probable cause to stop Hogan. First, the court may accept outright Magistrate Gorence's evaluation of the witnesses' credibility. *U.S. v. Raddatz*, 447 U.S. 667 (1980). Further, two facts support Magistrate Gorence's recommendation: first, Hogan's testimony regarding the height of the vehicle does not rebut Detective Freidel's claim; and second, Ms. Gardner paid the citation for failing to wear her seat belt. Based upon Magistrate Gorence's finding that Detective Freidel observed that Hogan's passenger was, in fact, not wearing a seat belt in violation of a traffic law, together with her accurate recitation of the law that

an officer has probable cause to make a traffic stop if he has "an objectively reasonable basis to believe that a traffic law has been violated," *U.S. v. Hernandez-Rivas*, 513 F.3d 753, 758-59 (7th Cir. 2008), the court adopts the recommendation in its entirety and denies Hogan's motion to suppress.

Accordingly,

IT IS ORDERED that the November 29, 2012 recommendation of Magistrate Judge Patricia J. Gorence (Docket #506) that defendant Rodney Hogan's motion to suppress (Docket #484) be denied be and the same is hereby ADOPTED; and

IT IS FURTHER ORDERED that defendant Rodney Hogan's motion to suppress (Docket #484) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 18th day of January, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge